# Court of Appeals
# of the State of Georgia

ATLANTA,  January 29, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0084. COOPER v. THE STATE.**

Following a jury trial in the Superior Court of Cherokee County, Calvin Cooper was convicted of a single count each of battery and theft by receiving and sentenced to ten years with the first eight years to be served in confinement and the remainder to be served on probation. The jury returned its verdict on August 26, 1998 and Cooper's conviction and sentence were entered on September 25, 1998. On August 31, 1998, Cooper filed a motion for a new trial. Approximately two years later, on August 3, 2000, the trial court denied that motion without a hearing. On August 7, 2000, Cooper filed his notice of appeal. Cooper was paroled on June 11, 2004.[1] In September 2015, 17 years following his conviction, 15 years after his notice of appeal was filed, and more than 11 years following Cooper's parole, the Clerk of the Superior Court of Cherokee County ("the Clerk") transmitted the appellate record to this Court.[2] Cooper's appeal was docketed on September 23, 2015 for the January 2016 term of court.

Cooper was represented at trial by attorney James K. Luttrell, who at that time was an associate with the Law Offices of Gregory A. Hicks. Luttrell was the attorney

---

[1] The record shows that since that time, at least one jurisdiction in this State has used Cooper's conviction in this case to prosecute Cooper as a recidivist.

[2] We note that the last transcript in this case was filed in the office of the Cherokee County Superior Court Clerk on January 19, 1999. Thus, the egregious and unexplained delay that occurred in this case was not the fault of the court reporter. Instead, the record reflects that blame rests squarely with the Clerk's office, Mr. Cooper's counsel of record, and possibly Mr. Cooper.

who filed the motion for new trial, and Hicks was the attorney who filed the notice of appeal. On October 3, 2006, a staff attorney for the trial judge sent a letter to Hicks stating:

> On August 7, 2000, on behalf of your client, you filed a Notice of Appeal with the Court . . . . If you are still interested in pursuing this matter, please contact either me or the Superior Court Clerk's Office in writing. If we do not hear from you within 30 days of the date of this letter, we will consider the matter concluded and will close the case accordingly.

Hicks apparently failed to respond to this letter. Approximately nine months later, however, on July 25, 2007, Hicks filed a motion asking that both he and Luttrell be allowed to withdraw as counsel of record for Cooper. In that motion, Hicks represented to the trial court that Cooper had been "released from prison on these charges on March 28, 2006."[3] On August 28, 2007, the trial court entered an order which withdrew Hicks as counsel of record for Cooper. The order did not mention Luttrell and he therefore remained on the record as Cooper's attorney.

Notably, Hicks's motion to withdraw failed to call the court's attention to the fact that the Clerk had not yet acted on Cooper's notice of appeal. Despite Hicks's failure in this regard, however, his motion to withdraw apparently brought the case to the attention of the Clerk. On July 27, 2007, the Clerk sent a letter to Cooper which stated:

> Upon examination of our open cases, we have found your appeal still pending. Your request for appeal has not been sent to the Court of Appeal[s] due to the lack of payment. Our charge is $1.50 per page and your appeal is 104 pages, for a total of $156.00. If you have been found

---

[3] As noted above, the record reflects that Cooper was paroled from prison on June 11, 2004; parole, however, was scheduled to expire on March 28, 2006.

2

[i]ndigent, please forward the appropriate paperwork. If not, you may file the appropriate paperwork, or send the $156.00 fee. Also, our office is still awaiting your transcripts. . . . *We apologize for this inconvenience*, but as soon as the payment is received as well as your transcripts, we will send your appeal.

(Emphasis supplied.) The letter also provided Cooper with the names and contact information for the court reporters "handling [his] case."

There are several remarkable things about this correspondence. First, the Clerk's statement that her office was still awaiting the relevant transcripts is simply incorrect. The transcripts transmitted to this Court as part of the appellate record show that the transcript of the hearing on Cooper's pretrial motion to sever was filed with the Clerk on October 28, 1998 at 2:40 p.m.; the two-volume trial transcript was filed on December 7, 1998 at 2:13 p.m.; and the transcript of Cooper's sentencing hearing was filed on January 18, 1999 at 8:22 a.m. Second, although this letter was sent before the trial court had acted on counsel's motion to withdraw, the letter was sent directly to Cooper rather than to his counsel of record. And while the certificate of service attached to Hicks's motion listed Cooper's address as a state prison in Abbeville, the Clerk sent this correspondence to Cooper at a residential address in Atlanta. The letter was returned to the Clerk as undeliverable on August 9, 2007. It does not appear, however, that the Clerk then forwarded either the letter or a copy thereof to either Hicks or Luttrell, even though both attorneys remained as Cooper's counsel of record on that date.

Finally, with respect to the Clerk's request that Cooper "forward the appropriate paperwork" if he had been found indigent, we note that Cooper had qualified as an indigent defendant prior to his trial in this case. Moreover, in correspondence Cooper sent to the Clerk's office in March 2000 in an effort to determine the status of his trial transcripts, Cooper stated that he was "a[n] indigent

3

inmate" and attached to the letter "a copy of [his] indigent account funds."[4] The Clerk's office responded to Cooper with a form letter providing him with the contact information for the court reporters responsible for transcribing his trial. That letter did not inform Cooper that the Clerk required any additional information or forms regarding his indigent status. Most notably, eight years after she sent this letter, the Clerk transmitted the record in Cooper's case to this Court even though Cooper never filed any additional evidence of his indigence.

Fifteen years, one month, and 16 days after the notice of appeal was filed, the Clerk transmitted the appellate record in Cooper's case to this Court. Because the trial court identified Luttrell as counsel of record, docketing notice was sent to him. On November 1, 2015, 17 days after Cooper's appellate brief was due, Luttrell filed a motion to withdraw as counsel. In his motion, Luttrell states that he left his employment with Hicks's firm on August 1, 2007; that Hicks retained Cooper's case and his case file; and that Luttrell has not had any contact with Cooper since at least August 1, 2007.[5]

In light of the foregoing, this case is REMANDED to the Superior Court of Cherokee County with direction. Upon remand, the Superior Court of Cherokee County is hereby ORDERED to remove Luttrell as Cooper's attorney and have a hearing to determine the reason(s) for delay of the appeal and whether the appeal has been abandoned. If the appeal has not been abandoned, then the court shall have a hearing to determine whether Mr. Cooper is indigent. If he is indigent, the court shall

---

[4] This document was a copy of Cooper's "Trust Account Statement" from Hays State Prison. The statement showed that as of March 20, 2000, Cooper had $10.09 in his bank account, only .09 of which was "spendable."

[5] The last correspondence from Cooper contained in the record is dated October 19, 2000. In that letter, Cooper informed the Clerk that he was preparing to represent himself on appeal, as he was "having some difficulties communicating [with] attorney James K. Luttrell." Given this statement, and in light of the remainder of the appellate record, it appears that both Luttrell and Hicks ceased communicating with Cooper well before August 1, 2007.

4

appoint competent appellate counsel.

Luttrell's motion to withdraw as counsel of record is DISMISSED AS MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____01/29/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*